REQUESTED BY: Harry `Pete' Peterson, Director Department of Motor Vehicles
Is the use of a false or fictitious name or address on an application for title a violation of Neb.Rev.Stat. 60-116?
Yes.
You have requested an opinion regarding the use of a false or fictitious name or address on an application for title to a motor vehicle. Neb.Rev.Stat. § 60-116(5) (Reissue 1978) provides in relevant part as follows:
 (5) whoever uses a false or fictitious name, gives a false or fictitious address, makes any false statement in any application or affidavit required under the provisions of Chapter 60, article 1, or amendments thereto, or in a bill of sale or sworn statement of ownership or otherwise commits a fraud in any application, shall be guilty of a Class IV felony.
In particular you have asked if a violation occurs when a title applicant uses a false or fictitious address or whether they, in addition, must also commit a fraud. Section60-106(1) requires that: `Application for a certificate of title shall be made upon a form prescribed by section60-114, and shall be sworn to before a notary public or other officer empowered to administer oaths.' Section 60-114
requires that the application for a certificate of title contain the name and address in full of both the applicant and previous owner.
In State Farm Mutual Auto Insurance Co. v. Drawbaugh,159 Neb. 149, 65 N.W.2d 542 (1954), the Court stated that: `The purpose of the act relating to transfers and titles to motor vehicles is to provide a means of identifying motor vehicles, to ascertain the owners thereof, to prevent theft of motor vehicles, and to prevent fraud.' The language of subsection 5 of section 60-116 which states `or otherwise commits a fraud in any application' is in the disjunctive. If an application contains a false or fictitious name or address of either the applicant or previous owner, then that application is false and the person responsible is guilty of Class IV felony. In addition, the statute would encompass both the giving of as well as the use of a false or fictitious name or address.
The giving of false information by a previous owner or purported dealer would appear to be engendered by a desire on their part to avoid identification as the owner of the vehicle and to also avoid any responsibility regarding the condition of the vehicle or any warranties that may have been made. It is clear that both the seller and the purchaser commit an offense under section 60-116 if either of them gives or uses false information in the assignment of or application for a certificate of title.
Although the issue is not specifically raised by your request, it would appear that there may be some question as to the validity of the title issued pursuant to a fraudulent application. Neb.Rev.Stat. § 60-105 provides in pertinent part:
 (1) No person, . . . acquiring a motor vehicle, commercial trailer, semitrailer, or cabin trailer from the owner thereof, . . . shall acquire any right, title, claim, or interest in or to such motor vehicle, commercial trailer, semitrailer, or cabin trailer until he shall have had delivered to him physical possession of such motor vehicle, commercial trailer, or cabin trailer and a certificate of title or a manufacturer's or importer's certificate duly executed in accordance with the provisions of this act, . . . . No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, commercial trailer, semitrailer, or cabin trailer sold or disposed of, or mortgaged or encumbered, unless there is compliance with this section.
(Emphasis supplied).
Therefore, it is quite possible that the commission of the offense detailed in section 60-116 also creates a significant degree of uncertainty as to the validity of any title issued pursuant to such a fraudulent assignment or application.
Very truly yours, PAUL L. DOUGLAS Attorney General Ruth Anne E. Galter Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General